### STATE OF TEXAS v. C. W. BEAN ET AL.

#### Decided October 26, 1901.

**1.—Cities—Incorporation by Election—Independent School District.**

Where the inhabitants of a city on the same day voted to incorporate un-
der the general laws as a city of over 1000 population, and also as an independ–
ent school district, such district embracing all the city and some additional territory, and the result of the election for the school district was first declared'
by the county judge, the incorporation as a city was nevertheless valid.

**2.—Same—City's Control Over Schools.**

It seems to have been contemplated by the Legislature that when a city
assumes control of the public schools within its limits the jurisdiction of an
independent school district over that territory ceases.    Rev. Stats., art. 4032.

Appeal from Wichita.    Tried below before Hon. S. I. Newton, Special
Judge.

*R. E. Taylor* and *W. W. Flood,* for appellant.

*Matthews & Barwise* and *Montgomery & Hughes,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—This was a quo warranto pro-ceeding brought against the officers of Wichita Falls, incorporated under general law as a city of over 1000 inhabitants by an election held in January, 1900. The complaint was that the corporation had no legal existence because of a contemporaneous election which resulted in the adoption of the independent school district of Wichita Falls, embracing all the territory of the city of Wichita Falls, and some additional territory. The results of the two elections were duly declared by the county judge, but that in favor of the school district was first declared.

This appeal is from a judgment sustaining a demurrer to the complaint, and seems to rest upon the contention that after the school district was declared incorporated, no room was left for the incorporation of a city within the same territory, although it was voted for at the same time. Whether or not the two corporations can so coexist is a question we are not required in this case to decide. It is sufficient to say that we entertain no doubt of the validity of the city corporation, whatever may be its effect upon that of the school district. We may add, however, that it seems to have been contemplated by the Legislature that when a city assumes control of the public schools within its limits, the jurisdiction of an independent school district over that territory ceases. Rev. Stats., ch. 16, art. 4032.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.